UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

SHAUN LOFTON,

        Defendant.

_____/

Case No. 20-20221

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER RESOLVING DEFENDANT'S SENTENCING OBJECTIONS**

On November 17, 2021, the Court held a sentencing hearing as to Defendant, Shaun Lofton, and addressed a number of objections to Lofton's Guideline range and the appropriate statutory maximum. The following Order provides supplemental analysis relevant to the Court's determinations on the record at that hearing.

**1. Career Offender Designation**

The PSR originally labeled Lofton a Career Offender because of his 2011 conviction for "Delivery/Manufacture (cocaine, heroin, or another narcotic)," and his 2014 conviction for "Delivery/Manufacture Narcotics/Cocaine (under 50 grams)." Lofton argues that neither of these qualify as a "controlled substance

offense" under the Guidelines because the Michigan definition of cocaine is broader than the federal definition. The Court agrees.

To qualify as a Career Offender, a defendant must have two or more "prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). To determine whether Lofton's 2011 and 2014 convictions qualify as "controlled substance offense[s]," the Court applies the "categorical approach." *See United States v. Jackson*, 995 F.3d 476, 479 (6th Cir. 2021). "[The analysis] begin[s] with the Guidelines, which describe the types of offenses that, for career-offender purposes, qualify as a 'controlled substance offense' at sentencing." *Id.* (quoting U.S.S.G. § 4B1.2(b)).

The Guidelines define a "controlled substance offense" as "an offense under federal or state law . . . that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). The Guidelines do not specify what constitutes a "controlled substance," however, they "draw their definitions from the Controlled Substances Act." *Jackson*, 995 F.3d at 480; *see, e.g.*, *United States v. Williams*, 762 F. App'x 278, 281 (6th Cir. 2019) (defining "controlled substance" in U.S.S.G. § 4B1.2(b) by reference to the Controlled Substances Act); *Pittman*, 736 F. App'x at 553 (same).

2

The Controlled Substances Act defines "[t]he term 'controlled substance' . . . [as] a drug or other substance . . . included in schedule I, II, III, IV, or V of part B of this title." 21 U.S.C. § 802(6). Accordingly, Lofton's prior offenses are Career Offender predicates only if the Michigan statute(s) he violated criminalize a substance listed in one of the federal schedules.

The relevant statute for both Lofton's 2011 and 2014 convictions is MICH. COMP. LAWS ("MCL") § 333.7401, which prohibits the "manufacture, creat[ion], deliver[y], or possess[ion] with intent to manufacture, create, or deliver a controlled substance." Because MCL § 333.7401 is "divisible," meaning it "lists elements in the alternative, and thereby define[s] multiple crimes," the Court applies the "modified categorical approach" and looks to Lofton's *Shepard* documents "to determine what crime, with what elements, [Lofton] . . . was [actually] convicted of," before making a federal comparison. *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017); *see Shepard v. United States*, 544 U.S. 13, 26 (2005) (listing documents appropriate for consideration).

It is clear from the charging documents and judgments in Lofton's 2011 and 2014 cases that each of his convictions fell under MCL § 333.7401(2)(a)(iv) and were for delivery of less than fifty grams of cocaine. As Lofton's expert points out,

3

however, although cocaine is listed on a federal schedule, the federal definition of cocaine is narrower than the Michigan definition of cocaine. Specifically, federal law excludes certain stereoisomers and derivatives of cocaine that are criminalized in Michigan. (ECF No. 48, PageID.387). *Compare* 21 U.S.C. § 812(c), Schedule II(a)(4) (criminalizing only optical and geometric isomers), *and* 21 C.F.R. § 1308.12(b)(4) (same), *and* 21 C.F.R. § 21 C.F.R. § 1300.01(b) (same), *with* MCL § 333.7214(a)(iv) (criminalizing all stereoisomers). Accordingly, it is possible that Lofton's 2011 and 2014 offenses involved a type of cocaine that is not prohibited under federal law.

Although the Sixth Circuit has previously held that a violation of MCL § 333.7401 for delivery is a predicate offense for Career Offender purposes, *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020), it has never considered the issue presented here. The few courts that have considered it, however, generally find this argument persuasive. In *United States v. Holliday*, for example, the Ninth Circuit recently analyzed a nearly identical issue regarding Montana's definition of cocaine. 853 F. App'x 53, 55 (9th Cir. 2021). It concluded that "the Montana drug schedules are facially overbroad because they include more varieties of cocaine than the federal schedules" and held that the defendant was not a Career Offender under the Guidelines. *Id.* Similarly, in a recent Western District of Michigan case involving

4

similar expert evidence, Judge Jarbou held that the defendant was not an armed career criminal because "clearly the Michigan definitions [of cocaine and heroin] are broader than the federal definition[s]." Sentencing Hr'g Tr. at 20, *United States v. Carter*, No. 21-00003 (W.D. Mich. Sept. 14, 2021), ECF No. 39. Although the Court recognizes that the instant case does not involve the Armed Career Criminal Act, a similar analysis applies. Against this backdrop, the Court finds that Lofton is not a Career Offender.

### 2. Section 851 Enhancement

The Court elects not to reach Lofton's § 851 Enhancement objection. Lofton's sentence comes nowhere near a statutory maximum of either twenty or thirty years, and the Enhancement has no bearing on Lofton's guideline range given that the Court has already determined that he is not a Career Offender.

### 3. Relevant Conduct

Lofton objects to being held responsible for the 118.78 grams of fentanyl found at the Tabor Street address. He also objects to being held responsible for two of the firearms found at the Treat Street address, one of which had an obliterated serial number.

"The government bears the burden of proving, by a preponderance of the evidence, that another offense constituted relevant conduct." *United States v.*

5

*Amerson*, 886 F.3d 568, 573 (6th Cir. 2018) (citing *United States v. Phillips*, 516 F.3d 479, 483 (6th Cir. 2008)). Here, the Court finds that the Government has presented insufficient evidence to tie Lofton to the fentanyl or the two guns.

With respect to the fentanyl, although Lofton had access to the Tabor Street home one week prior to the seizure of the fentanyl, the Government has not persuaded the Court that he had dominion over the home or a possessory interest in the fentanyl. True, Lofton was often present at the address, but he did not own or rent the property. Jacob Edmond had control over the Tabor Street address. Moreover, Lofton's last recorded drug sale involving the address took place on January 23, 2020, nearly four months before the fentanyl was seized. Accordingly, the Court finds that the Government has failed to prove by a preponderance of evidence that Lofton had knowledge of, or was connected to, the fentanyl.

The Court reaches a similar conclusion with respect to the two firearms Lofton did not plead guilty to possessing. For Lofton to be held accountable for those firearms, the Government must first demonstrate that he actually or constructively possessed the guns. *United States v. Clisby*, 636 F. App'x 243, 246 (6th Cir. 2016). Here, although the two guns were found in the same room as Lofton's gun, it was Jacob Edmond, and not Lofton, who had control of that room. The Government has not proved by a preponderance of evidence that Lofton had "the power *and intention*

6

to exercise dominion and control over" the guns, *United States v. Houston*, 813 F.3d 282, 295 (6th Cir. 2016) (emphasis added), "'or dominion over the premises' where the [guns were] located." *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996) (quoting *United States v. Sanchez*, 928 F.2d 1450, 1460 (6th Cir.1991) (abrogated on other grounds)); *see also United States v. Bowens*, 938 F.3d 790, 799 (6th Cir. 2019). Accordingly, Lofton will only be held accountable for the gun he pleaded guilty to possessing. However, in light of the video of Lofton with his firearm, in which he displays money earned through the drug trade, the Court overrules Lofton's objection as to the adjustment for possessing the gun in connection with another felony.

**SO ORDERED.**

                                                s/Arthur J. Tarnow
                                                Arthur J. Tarnow
Dated: November 23, 2021             Senior United States District Judge